UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRACE WILSON MARSHALL,

                Plaintiffs,

v.

BENJAMIN RYAN CAUDILL, VALERIE KERSHAW, TRACI BRISLIN, KATHY STEIN, JENIFFER HALL, CHRISTY LEAVER, HANNAH YEAGER, LUCINDA MASTERSON, DAVINA WARNER, ZACHARIA GOLDENBERG, JARED MALATAK, KIMBERLY ROBERTS, BEN HUNDLEY, MARIA LEYDERMANN, TRACY RANKIN, PAMELA WILLIAMS,

                Defendants.

23-CV-1998 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On March 9, 2023, Plaintiff, proceeding *pro se*, initiated this action, asserting claims under 18 U.S.C. §§ 241, 1204, and the Foreign Corrupt Practices Act, 15 U.S.C. §§ 78dd-1 *et seq*. Because Plaintiff filed a letter on the docket on the same day requesting that her personal address not be disclosed or placed on the docket, access to the Complaint was temporarily restricted to court users. On March 15, 2023, the Court ordered Plaintiff to refile her Complaint in a version that could be made accessible to the public, and directed her to show cause why, among other things, "venue is proper in this District, and not, for instance, the Eastern District of Kentucky, in light of the fact that this action concerns a custody dispute in Fayette County, Kentucky, and that none of the events described in the Complaint are alleged to have occurred in this District." Plaintiff refiled her Complaint on April 7, 2023. On August 4, 2023, one of the sixteen Defendants, Christy Leaver, moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1);

(2), (3), and (6), asserting, among other things, that the Court does not have subject matter jurisdiction over Plaintiff's claims and that venue is improper.

For the reasons set forth below, the Court transfers this action to the United States District Court for the Eastern District of Kentucky.

**BACKGROUND**

Plaintiff, a resident of New Hampshire, alleges that the sixteen Defendants—most of whom are residents of the Eastern District of Kentucky and three of whom appear to be Kentucky state court judges—"conspir[ed] against Plaintiff" to "deny her parental custodial rights and equal rights to her children's [sic] by violating their civil rights[.]" Compl. ¶ 3. According to Plaintiff, Defendants are "denying plaintiff no contact [sic] with her children J.N.C. and F.E.C., nor their two maternal older sisters … nor their only living grandparent … since April 2, 2021[.]" *Id.* Plaintiff alleges that defendants "first us[ed] a No contact order … then a[n] Emergency Protection Order … then now a Domestic Violence Order" to "violate[] her federal parental custodial rights." *Id.* ¶ 6. She further alleges that Defendants "have effected gross violations of Plaintiff's parental custodial rights to her children," *id.* ¶ 7, and that they "discriminated against Plaintiff and her minor children … based on her nationality, religion and race," *id.* ¶ 8. She appears to challenge court orders issued in the Eastern District of Kentucky, which, according to Plaintiff, "matured into the removal of her children from Plaintiff in NH." *Id.* ¶ 9. Alleging violations of several federal statutes, including, among others, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, Titles II, VII, IX of the Civil Rights Act of 1964, and 42 U.S.C. § 1981(b), she seeks for the Court to order $707,0000,000 in monetary damages and vacate several Kentucky state court custodial orders. She also requests an order restoring her "immediate physical custody" of her children. *Id.* at 12.

Plaintiff initiated this action on March 9, 2023, and pursuant to this Court's March 15, 2023 order, refiled an Amended Complaint on April 7, 2023. On August 4, 2023, Defendant Christy Leaver moved to dismiss the action for lack of subject matter and personal jurisdiction, improper venue, and for failure to state a claim.

**DISCUSSION**

Venue "serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." *Detroit Coffee Co., LLC v. Soup for You, LLC*, No. 16-CV-9875 (JPO), 2018 WL 941747, at *4 (S.D.N.Y. Feb. 16, 2018). Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." 28 U.S.C. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) Moreover, "[a] court may transfer a case pursuant to 28 U.S.C. § 1406(a) sua sponte even if the defendant moves only to dismiss." *Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, No. 05-CV-6893 (MBM), 2006 WL 1147963, at *9 (S.D.N.Y. May 1, 2006). Indeed, even where venue is proper, a district court may sua sponte transfer an action pursuant to 28 U.S.C. § 1404 in the interest of justice and for the convenience of the parties and witnesses to any other district where it might have been brought. *Tasciotti v. Trew*, No. 20 CV 6661 (NSR), 2021 WL 2456910, at *2

(S.D.N.Y. June 16, 2021). "District courts have broad discretion in making determinations of convenience under Section 1404(a)." *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (affirming sua sponte transfer of *pro se* action).

Plaintiff has not alleged any facts establishing that venue in this district is proper. She does not assert that any of the complained-of events occurred in this District, nor does she allege that any of the parties—including Plaintiff herself—are residents of the Southern District of New York. Of the sixteen Defendants listed in her Complaint, thirteen are alleged residents of Lexington, Kentucky, which is in the Eastern District of Kentucky, one is a resident of Louisville, Kentucky, in the Western District of Kentucky, and the remaining two, residents of New Hampshire and Maine. Plaintiff challenges the decisions of courts located in the Eastern District of Kentucky, and conduct that appears to have otherwise occurred there and purportedly "matured into the removal of her children … in NH." Compl. ¶ 9. Although the Court previously directed Plaintiff to show cause as to whether the requirements of venue pursuant to 8 U.S.C. § 1391(b) have been met here, her Amended Complaint does not do so. "At bottom, there is no connection between the Southern District of New York and this action[.]" *Tasciotti*, 2021 WL 2456910, at *3 (transferring *pro se* action sua sponte where the "locus of operative facts" occurred outside of the Southern District of New York). In light of the above, and given that nearly all the Defendants reside in the Eastern District of Kentucky and at least a "substantial part of the events or omissions giving rise to the claim" appear to have occurred there, *City of New York v. Cyco.Net, Inc.*, 383 F. Supp. 2d 526, 543 (S.D.N.Y. 2005)—and no events are alleged to have occurred in the Southern District of New York—this District is not the proper venue for Plaintiff's claims.

The Court declines, however, to adopt the "harsh remedy of dismissal" that Defendant Leaver seeks. *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (transferring case to

proper district and holding that district court had abused its discretion by dismissing case for improper venue). Given that Plaintiff could re-file this action in the Eastern District of Kentucky, dismissal would require Plaintiff "to incur additional filing costs, and re-filing the Amended Complaint in the appropriate district would delay the proceeding." *Gonsalves-Carvalhal v. Aurora Bank, FSB*, No. 12-CV-2790 MKB, 2014 WL 201502, at *7 (E.D.N.Y. Jan. 16, 2014). Moreover, although the Court is skeptical that subject matter jurisdiction exists given that the crux of Plaintiff's claim appears to be a custody dispute, *see Ankenbrandt v. Richards*, 504 U.S. 689 (1992), requiring her to re-file the Complaint could conceivably result in some of her claims being time-barred. *See Zaltz v. JDATE*, 952 F. Supp. 2d 439, 458 (E.D.N.Y. 2013). Because "dismissal is a harsh remedy that is best avoided when another avenue is open," *Int'l Flavors & Fragrances Inc. v. Van Eeghen Int'l B.V.*, No. 06-CV-490 (JFK), 2006 WL 1876671, at *8 (S.D.N.Y. July 6, 2006), transfer, rather than dismissal, is the better result.

Accordingly, this case is hereby transferred to the United States District Court for the Eastern District of Kentucky. Any pending motions or applications will be addressed by that Court. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at her address listed on the docket. The Clerk of the Court is further directed to transfer this file to the Eastern District of Kentucky.

SO ORDERED.

Dated: August 9, 2023
New York, New York

Ronnie Abrams
United States District Judge