UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

GRACE L. WILSON MARSHALL,

     Plaintiff,

v.

BENJAMIN RYAN CAUDILL, ET AL.,

     Defendants.

Civil Action No. 5:23-239-KKC

**OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On August 18, 2023 (R. 35), the Court ordered plaintiff Grace L. Wilson Marshall to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

The Court explained that federal courts are courts of limited jurisdiction and may only entertain cases that fall within their statutorily defined subject-matter jurisdiction. Thus, this Court has the "duty to consider [its] subject-matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

Marshall asserts claims against 16 different defendants in her amended pleading, including but not limited to current and former family court judges, an attorney, an elementary school counselor, a licensed clinical social worker, and someone she claims is involved in "wizardry." R. 10 at 3-9. Marshall alleges that the defendants conspired against her to "deny her parental custodial rights and equal rights to her [sic] children's by violating their civil rights." *Id.* at 10. Marshall then says:

> The defendants denying plaintiff <u>no contact</u> with her children J.N.C. and F.E.C.,
> <u>nor</u> their two maternal older sisters, <u>nor</u> their only living grandparent (Plaintiff's

> father), <u>nor</u> noone related to <u>nor</u> associated with Plaintiff, since April 2nd, 2021 –
> **seven hundred and thirty five (735*) days**. . . .  Plaintiff alleges the defendant(s)
> violated her federal parental custodial rights to her children J.N.C. and F.E.C. by
> denying her <u>no access no contact</u>, vis a vis, for 707+ days – now **735+**. . . .  [S]o
> out of personal animus and vendetta the defendants have effected gross violations
> of Plaintiff's parental custodial rights to her children.

*Id.* at 10-11.  Throughout Marshall's amended pleading, she references numerous orders issued in

family court, including a no-contact order, a domestic violence order, and an emergency protection

order, and she later alleges that the defendants "falsified [a] mental health diagnosis." Marshall

also asserts that the defendants' "conspiracy matured into the removal of her children" while she

was in New Hampshire.  *Id.*  Marshall attached to her amended complaint a complex, hand-drawn

flowchart that references several of the defendants and refers to, among other things, a "Men's

Rights Movement," "Gaslights" and "Lies," judges who "break[ ] the laws," a "psych eval on

mothers," and "brainwash[ing]."  *See* R. 10 at 15.

Marshall asserts that the defendants violated numerous provisions of federal law, including

but not limited to each of the following:  42 U.S.C. § 1981(b); 42 U.S.C. § 1985; 42 U.S.C. § 1986;

42 U.S.C. § 1991; Titles II, VII, and IX of the Civil Rights Acts of 1964, 1972, and 1974; the

Americans with Disabilities Act; the Health Insurance Portability and Accountability Act; and the

First, Fifth, and Fourteenth Amendments to the United States Constitution.  *See* DE 10 at 2, 10-

11.  Marshall asks for $707,000,000.00 in damages, as well as a federal court order vacating

various state court orders and immediately restoring her parental custody rights.  *Id.* at 12.

While Marshall cites numerous federal statutes and constitutional amendments, this action

is actually a collateral attack against various decisions made in family court regarding child custody

and other domestic relations matters.  The United States Court of Appeals for the Sixth Circuit has

repeatedly made it clear that "federal courts lack jurisdiction where the action is a mere pretense,

and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003); *see also Partridge v. State of Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) ("Federal courts have no jurisdiction to resolve domestic relations disputes."); *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in federal court."). The Sixth Circuit has also held that "federal courts lack jurisdiction to review a case litigated and decided in state court because only the United States Supreme Court has jurisdiction to correct the state court judgment." *Danforth*, 76 F. App'x at 616 (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).

Marshall did not respond to the Court's show cause order requiring her to establish federal subject matter jurisdiction over this action. Instead, she filed a motion requesting time to obtain counsel to respond to the defendants' motions to dismiss. It is clear, however, that this Court has no subject matter jurisdiction. Federal Rule of Civil Procedure 12(h)(3) requires dismissal if this Court "determines at any time that it lacks subject-matter jurisdiction." The Court will dismiss this action rather than prolong it and require the parties, including Marshall, to incur additional attorney's fees and costs.

Accordingly, the Court hereby ORDERS as follows:

1) This action is DISMISSED without prejudice for lack of subject matter jurisdiction; and

2) All pending motions are DENIED as moot.

This 14th day of September, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY